# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2020

Lyle W. Cayce
Clerk

No. 19-20739
Summary Calendar

GULF CRANE SERVICES, INC.; C&D PRODUCTION SPECIALIST CO.,
INC., doing business as Crosby Energy Services; LEXINGTON INSURANCE
COMPANY,

      Plaintiffs - Appellants

v.

TOTAL SAFETY U.S., INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:17-CV-1343

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

This appeal arises from a dispute as to whether a duty to defend and indemnify provision has been triggered. Plaintiffs Gulf Crane Services, Inc. ("Gulf Crane"), C&D Production Specialist Co., Inc. ("CDPS"), and Lexington Insurance Company allege that the governing agreement requires Defendant

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20739

Total Safety U.S., Inc. ("Total Safety") to defend or indemnify Plaintiffs as it relates to a now-settled negligence action.  On cross motions for summary judgment, the district court ruled in Total Safety's favor.  We affirm.

I.

Because the parties take no issue with the undisputed facts, our background largely follows the Memorandum and Recommendation adopted by the district court.

The parties are in the oil industry.  During the relevant time period, Plaintiffs were performing abandonment and plug operations off the shore of Texas, and Total Safety was hired for industrial safety services.

There are two agreements in play—the 2005 Master Services Agreement (the "2005 MSA") and 2013 Master Services Contract (the "2013 MSC").

*The 2005 MSA*.  In 2005, Total Safety entered into this agreement with McMoRan Oil & Gas LLC and its affiliated and subsidiary entities (collectively, "MOG").  Significant under the 2005 MSA is that MOG may request specific goods and services, or "Work," from Total Safety, orally or in writing.

The indemnification provision stated in relevant part:

> [Total Safety] shall protect, indemnify, defend and save harmless [MOG] . . . from and against all claims, demands or causes of action of every kind and character for bodily injury or death of, or for property damage or loss sustained by, [Total Safety or Total Safety's] employees, subcontractors or consultants arising directly or indirectly out of the Work under [the 2005 MSA].

*The 2013 MSC*.  In April 2013, Total Safety and Plains Exploration & Production Company and its subsidiaries (collectively, "PXP") entered into this service contract.  Different from the 2005 MSA, the 2013 MSC provides that PXP may request Work by written and verbal work order, but if verbal, the request must be submitted as a written order as soon as possible thereafter.

The 2013 MSC's indemnification provision provides in relevant part:

2

No. 19-20739

[Total Safety] agrees to defend, indemnify and hold [PXP] harmless from and against any and all loss, claim, demand, fine, penalty, liability or cause of action of every kind and character, on account of bodily injury to, illness or death of any employee, agent or representative of [Total Safety] . . . which arises out of, in connection with, incident to or results directly or indirectly from the Work or services performed under this Contract, and regardless of the cause of such property damage, illness or death.

*2013 PXP Merger*.  Subsequent to the execution of the 2013 MSC (May 2013), PXP effectively merged with Freeport McMoRan Oil & Gas, LLC ("FMOG"), making FMOG the surviving company.

*The 2016 Maillet Lawsuit*.  In 2016, a Total Safety employee, Troy A. Maillet ("Maillet"), filed a negligence action against, *inter alia*, Gulf Crane, CDPS, and FMOG.  He alleges that in the course and scope of his employment as a safety technician, he sustained injuries aboard the High Island 537 during a crane-mounted personnel basket transfer.  High Island 537 (owned by FMOG) is a fixed platform off the shore of Texas.  FMOG subcontracted Gulf Crane who operated the crane that transferred Maillet, and CDPS contractors were present at the time of the incident..

*Duty to Defend and Instant Litigation*.  Shortly thereafter, Gulf Crane and CDPS sent a demand for defense and indemnification to Total Safety.  Gulf Crane and CDPS quarreled over the provisions of the 2005 MSA and 2013 MSC, specifically as which contract governed the Maillet action.  Originally, Gulf Crane and CDPS sent the demands pursuant to the 2005 MSA—and Total Safety rebuffed.  Subsequently, Gulf Crane and CDPS resubmitted the demands to Total Safety but now relying on the 2013 MSC as a basis for the defense and indemnification.  Again, Total Safety rebuffed.

Seeking declaratory relief as to its duty to defend and indemnify, Total Safety initiated this action.  By stipulation, the case was dismissed and refiled

to reflect Gulf Crane, CDPS and Lexington (Gulf Crane's and CDPS's insurer) as Plaintiffs and Total Safety as Defendant.

Both parties filed cross motions for summary judgment to determine Total Safety's obligation to defend. The Magistrate Judge entered a Memorandum and Recommendation, denying Plaintiffs' motion and granting Total Safety's, alleviating Total Safety from defending or indemnifying Plaintiffs. The recommendation order primarily held the PXP merger did not mean that the 2013 MSC superseded and replaced the 2005 MSA. And because the 2005 MSA's indemnity provision did not comply with the express negligence doctrine, Total Safety is under no duty to defend Plaintiffs for their alleged negligence in the Maillet lawsuit. Moreover, even if the 2013 MSC governed, the Maillet lawsuit also did not trigger its indemnity provision because there was no record of a written work order confirming the work that Maillet was performing when he was injured.

The district court subsequently entered an order adopting the recommendation. Plaintiffs now appeal.

## II.

We review grants of summary judgment de novo, applying the same standard as the district court. *Antoine v. First Student Inc.*, 713 F.3d 824, 830 (5th Cir. 2013); *see also* FED. R. CIV. P. 56(a) (summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

## III.

The central issue is straightforward: whether the district court erred in holding that Total Safety owed no duty to defend Plaintiffs under the 2005 MSA's indemnity provision.

On appeal, Plaintiffs' arguments mostly mirror its contentions presented at summary judgment: (1) that FMOG is the successor-in-interest of the PXP

merger and therefore the 2013 MSC superseded the 2005 MSA entered into by the predecessor, PXP; (2) Total Safety's argument regarding the 2013 MSC's writing requirement was barred under waiver, estoppel and mutual mistake; and (3) even if those doctrines are inapplicable, Total Safety still accepted the work given via verbal call-out; thus falling within the scope of the 2013 MSC.

We need not decide whether the 2013 MSC superseded the 2005 MSA because, even assuming the 2013 MSC applies, Plaintiffs did not trigger its indemnity provision because they did not fulfill its writing requirement. The 2013 MSC makes clear that work can be requested from Total Safety "orally or in writing" and "[a]ny oral requests will be submitted in writing as soon as possible."[1]  It is undisputed that Plaintiffs requested the work that Maillet was performing via verbal call-out.  But with regard to the memorialization of a writing, Plaintiffs can only point to price negotiation correspondence and contend that such correspondence should suffice as there is no level of specificity required to constitute a writing under the 2013 MSC.  As held in the Memorandum and Recommendation, these negotiations concern future work *if ordered* and are insufficient to be considered a writing that confirms a verbal call-out.  Consequently, Plaintiffs failed to memorialize the verbal call-out as it pertains to the work at issue in the Maillet lawsuit.  Therefore, the 2013 MSC's indemnity provision was never triggered as the alleged injuries do not fall within the scope of the 2013 MSC.

Accordingly, we AFFIRM the district court's adoption of the Memorandum and Recommendation and otherwise adopt its analysis in full.

---

[1] Of note, this is a materially different requirement from that of the 2005 MSA which simply states that Total Safety's services can be requested via purchase order or verbal call-out when circumstances do not permit or require a written order.